UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ULYSSES STANFORD ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12 cv 7502 |
| OFFICER SERGIO GLOWACKI (Star #15452), ) | |
| OFFICER TIMOTHY OATES (Star #15783), ) | Judge Sharon Johnson Coleman |
| AND THE CHICAGO POLICE DEPARTMENT, ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Officer Sergio Glowacki and Officer Timothy Oates ("Defendants") move to dismiss Juan Stanford's ("Stanford") pro se complaint in its entirety. For the foregoing reasons, Defendants' motion is granted.

**Background**

  In April 2011, Stanford was released from military service in Iraq and Afghanistan. He spent three weeks in Bangkok before traveling home to Chicago on April 29, 2011. The next morning he claims he bought a truck, met up with a friend and had about two beers before he got a headache and stopped drinking. Later that day, he bought a dog and eventually met up again with his friend. His friend asked Stanford to give him and his female companion a ride. He agreed. The three left around midnight and were subsequently pulled over by Defendants because Stanford's headlights were out. Defendants saw Stanford's open beer bottles, from that morning, on the console, asked Stanford to get out of the car and arrested him for .driving under the influence, a seat belt violation and transporting an open container of alcohol in a vehicle. Neither Stanford's friend nor the woman in the car was arrested and Stanford alleges Defendants let his dog go. On May 9, 2012, Stanford was convicted in the Circuit Court of Cook County, Illinois for driving under the influence of alcohol and sentenced to 18 months of supervision.[1]

---

[1] In support of its motion to dismiss, Defendants have attached a copy of a certified statement of disposition issued by the clerk of the Circuit Court of Cook County showing that on May 9, 2012 Stanford was convicted of driving under the influence of alcohol and sentenced to 18 months supervision. This court may consider this document without converting Defendants' motion to dismiss into a motion for summary judgment because this document is a matter of public record. *Brown v. Star*, 494 F. Supp. 2d 914, 916 (N.D. Ill. 2007).

Stanford filed his pro se complaint against Defendants and Chicago Police Department alleging claims under 42 U.S.C. § 1983 including false arrest, failure to provide medical care, violation of due process, conspiracy, failure to intervene and failure to collect his dog upon arrest. Defendants filed the instant motion to dismiss. Stanford did not file a response.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must describe the plaintiff's claims and grounds in sufficient detail to give the defendant fair notice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007); *Iqbal*, 556 U.S. at 677-679. A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89 (2007).

Pro se complaints are liberally construed and not held to the stringent standards expected of pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). However, a pro se plaintiff can plead himself out of court by alleging facts that defeat the claim otherwise presented in the complaint. *Lekas v. Briley*, 405 F.3d 602, 613–14 (7th Cir. 2005).

**Discussion**

**1. False arrest claim**

To prevail on a claim of false arrest, Stanford must show that Defendants lacked probable cause for his arrest. *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010) (internal citations and quotations omitted). Probable cause is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest. *Id*. Probable cause exists if an officer reasonably believes, in light of the facts known to him at the time that a suspect had committed or was committing an offense. *Id*.; *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor

criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender").

Stanford appears to claim Defendants lacked probable cause to arrest him for driving under the influence, but he pleads facts that demonstrate Defendants had probable cause to arrest him for transporting open containers of alcohol. Stanford admits that he had open containers of alcohol in plain view in his vehicle and that one of the Defendants asked him to step outside the vehicle after seeing them. (Compl. at p. 4.) Under Illinois law, no driver or passenger "may transport, carry, possess or have any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken." 625 ILCS 5/11-502(a), (b). The presence of an empty bottle of beer or liquor in the passenger area of a car is sufficient to create probable cause for arrest under the statute. *Guidry v. Boyd*, 2007 WL 2317174 at *9 (N.D. Ill. July 17, 2007). Accordingly, Stanford's false arrest claim fails.

**2. Failure to provide medical attention claim**

Stanford's claim that Defendants failed to provide medical attention while he was under arrest is governed by the Fourth Amendment's objective reasonableness standard. *Sallenger v. City of Springfield, Ill.,* 630 F.3d 499, 503 (7th Cir. 2010) (citations omitted). The court considers four criteria to determine whether Defendants conduct was objectively unreasonable: whether Defendants were on notice of the plaintiff's medical need, by word or by physical symptoms, the seriousness of the need, the scope of the requested treatment and police interest. *Sides v. City of Champaign*, 496 F.3d 820, 823-828 (7th Cir. 2007).

At the time of his arrest, Stanford mentioned that he was "not feeling good," and alleges that an officer at the police station asked if he had high blood pressure "as if he was going to get me medical attention but he never did." (Compl. at p. 4.) While high blood pressure can be a serious threat to health, the alleged facts alone do not suggest that Defendants were put on notice of the seriousness of Stanford's need for medical attention. Further, considering Stanford was arrested for driving under the influence and transporting open containers of alcohol, there were prevailing police interests to bring him to the police station. Stanford's complaint states he previously suffered a stroke, was diagnosed with high blood pressure and was prescribed several medications for his condition. (*Id*. at pp. 3-5.) Stanford had been without his medication for three weeks and had apparently been self-medicating with alcohol and aspirin. (*Id*. at p. 3.) He attaches

3

a medical report from his doctor stating that Stanford was dizzy and had a migraine at the time of his arrest, likely due to elevated blood pressure. (*Id*. at p. 6.) However, Stanford fails to allege he communicated any of these additional facts to Defendants thus putting them on notice or suggesting that Stanford was in serious need of medical attention. Thus, Stanford fails to state a claim for failure to provide medical attention

**3. Stanford's remaining claims**

Stanford claims that he was deprived of a fair trial in violation of due process. The question is whether Defendants took action causing Stanford to receive an unfair trial. *See Dominguez v. Hendley*, 545 F.3d 585, 590 (7th Cir. 2008). Not every trial error constitutes a "failure to observe that fundamental fairness essential to the very concept of justice." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974). Stanford states that when he was taken to the police station Defendants handcuffed his hands behind his back, removed his tie, adjusted his shirt and jacket so that he would appear drunk, and passed his picture around. (Compl. at p. 4, 9.) Nevertheless, Stanford's trial was held more than a year after his arrest, and Stanford fails to allege facts showing that Defendants actions impacted his criminal trial. Therefore, Stanford's violation of due process claim fails

Stanford also claims Defendants conspired together to violate one or more of his civil rights. To establish a claim of conspiracy, Stanford must allege that a state official and private individuals reached an understanding to deprive him of his constitutional rights and that those individual were willful participants in joint activity with the State or its agents. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Stanford must allege the parties, the general purpose, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 493, 442 (7th Cir. 2006). The Seventh Circuit has stated "a bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Stanford fails to make any factual allegations that tie the Defendants to a conspiracy and he fails to state a claim for conspiracy.

Finally, Stanford claims that Defendants failed to intervene to protect him from violation of his civil rights. A failure to intervene claim is linked with a plaintiff's underlying constitutional claims. *Abdullahi v. City of Madison*, 423 F.3d 763, 767-68 (7th Cir. 2005). To the extent Stanford alleges Defendants failed to intervene with respect to his alleged false arrest or failure to provide medical care claims, his failure to intervene claim necessarily fails.

4

**4. Chicago Police Department is not a suable entity.**

Defendants request that this Court dismiss Chicago Police Department because it is not a suable entity. The Chicago Police Department does not enjoy a legal existence that is independent of the City of Chicago and cannot be sued as a separate entity. *Gutzwiller v. City of Chicago*, 2004 WL 1595369 at *4 (N.D. Ill. July 13, 2004). Claims against the Chicago Police Department are properly lodged against the City of Chicago. *Moseley v. City of Chicago,* 1991 WL 53765, *1, 8 (N.D.Ill. April 4, 1991). Accordingly, the Chicago Police Department is dismissed as a party defendant.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is granted. Stanford's false arrest claim is dismissed with prejudice and Stanford's remaining claims are dismissed without prejudice.

IT IS SO ORDERED.

_____
Date: December 6, 2013

_____
Sharon Johnson Coleman
United States District Judge